IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| The City of Seneca, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:09-284-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| George Sloan and Luther Parker, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court sua sponte to determine whether the court possesses subject matter jurisdiction over this case.

"[T]he question of whether [the court is] presented with a live case or controversy is a question [the court] may raise sua sponte" as mootness is at the heart of Article III jurisdiction. Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted).

"The test for a case or controversy . . . is whether the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests." Commercial Union Ins. Co. v. Detyens Shipyard, Inc., 147 F. Supp. 2d 413, 420-21 (D.S.C. 2001) (internal quotation marks omitted). "In deciding whether a justiciable controversy exists, a district court looks to whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 421 (internal quotation marks omitted).

"[The] ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs. Inc., 509 U.S. 43, 57 n.18 (1993). "Doctrines like standing . . . and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice." Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991). "Ripeness is peculiarly a question of timing." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580 (1985) (internal quotation marks omitted). "Its basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Id. (internal quotation marks omitted).

"[T]he doctrine of ripeness is one of indefinite contours, especially when considered in conjunction with a declaratory judgment action." Warner Cable Commc'ns Inc. v. Borough of Schuykill Haven, 784 F. Supp. 203, 206 (E.D. Pa. 1992). While the Declaratory Judgment Act, 28 U.S.C. § 2201, allows a court to issue a judgment before an injury is accomplished, there must be an actual controversy at issue. See Delavigne v. Delavigne, 530 F.2d 598, 601 (4th Cir. 1976). "[A] declaratory judgment may not be given for a purely hypothetical situation [or as] . . . an advisory opinion." A.S. Abell Co. v. Chell, 412 F.2d 712, 719 (4th Cir. 1969).

The court finds that there is no justiciable controversy between the Plaintiff and Defendants. The Plaintiff alleges that "an actual controversy exists between the parties concerning the Defendants' allegations that Seneca violated their rights under the Federal Voting Rights Act and United States Constitution" by intentionally bypassing the Defendants' neighborhood for annexation. (Compl. ¶ 28.) The court disagrees. Although the Defendants attempted to file an amended complaint in state court alleging these allegations, the state court denied the motion. (Id. ¶ 12.) Moreover, the Plaintiff's motion to dismiss the original

2

complaint asserting a putative class action relating to the Plaintiff's sale of water to citizens was granted. (Id. ¶ 7.) Further, upon learning of the Defendants' desire to annex into Seneca, the Plaintiff informed the Defendants that Seneca allows voluntary annexations. (Id. ¶ 23.) The Plaintiff provided voluntary annexation petitions to the Defendants. (Id.) However, the Defendants have not submitted a voluntary annexation petition. (Compl. ¶ 24.) Further, the Defendants have not filed a lawsuit against the Plaintiff alleging any claim. In essence, the Defendants may or may not assert claims against the Plaintiff in the future. Further, based on the allegations of the complaint, there is no immediate threat of litigation against the Plaintiff at this time. The Plaintiff is essentially asking the court to issue an advisory opinion regarding whether there is any liability under any federal cause of action.

Based on the foregoing, the court dismisses the Plaintiff's declaratory judgment action for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 9, 2009